**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CONTEXT DIRECTIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**AUTO MERCHANTS, INC.,**<br><br>Defendant. | **Case No. 2:26-cv-00729** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Context Directions LLC ("Context Directions" or "Plaintiff") files this Complaint for Patent Infringement against Auto Merchants, Inc. ("Auto Merchants" or "Defendant"), and alleges as follows:

## I. PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at 261 West 35th St., Suite 1003, New York, NY 10001

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Texas as with a registered agent Sid Sharbaf at 4464 W. Plano Parkway, Plano, Texas 75093. Defendant maintains a place of business in this judicial District at 4464 W. Plano Parkway, Plano, Texas 75093.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to its

business in this forum, including at least a portion of the infringements alleged herein at 4464 W. Plano Parkway, Plano, Texas 75093.

5. Without limitation, on information and belief, within this State, Defendant has used, sold, and offered for sale '564 Patent Accused Products and '791 Patent Accused Products (as defined herein) that are covered by the patented inventions of the patents in suit, thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within Texas. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Texas. Defendant has committed such purposeful acts and/or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant has businesses in this district at 4464 W. Plano Parkway, Plano, Texas 75093. Further, Defendant is a Texas corporation. On information and belief, from and within this District, Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this District under 28 U.S.C. § 1400(b).

## III. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 9,807,564)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On October 31, 2017, United States Patent No. 9,807,564 ("the '564 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '564 Patent is titled "Method for Detecting Context of a Mobile Device and a Mobile Device with a Context Detection Module." A true and correct copy of the '564 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Context Directions is the assignee of all right, title, and interest in the '564 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '564 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the '564 Patent by Defendant.

11. The claimed invention of the '564 Patent relates to the field of detecting context of a mobile device and to a mobile device having context detection modules. At the time of the original invention there was a problem of how a mobile device was able to use sensors to detect the current environment, activity, and circumstances of the user. With these sensors, and automatic use of the sensors, the claimed method of the '564 Patent allows for safer operation of the mobile device based on detecting context.

12. The prior art methods included detecting the approximate position of a device on the basis of the signals of cell phone towers, however, this prior method required a delay in detection and accepting false positives in detecting the proper context. Another method was to analyze the speed of the device using GPS, however this required large amounts of power, reducing operating time of the mobile device, or reducing the amount of detecting the device could perform (to maintain its power capacity).

13. The inventors recognized the above technical problems and the utility in creating an energy efficient and timely context detection method that enables the mobile device to be more efficient.

14. **Infringement**. Auto Merchants has been and continues to directly infringe at least claims 1 and 23 of the '564 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used vehicles: 2025 Audi Q7 Prestige 55 TFSI quattro Tiptronic, 2025 Audi A6 Premium Plus 55 TFSI Quattro S Tronic, 2025 Audi Q5 Premium 40 TFSI Quattro S Tronic, 2024 Audi A5 Coupe Premium Plus 45 TFSI S Line Quattro S Tronic, 2024 Audi Q5 Premium 45 TFSI S Line Quattro 2023 Audi RS E-Tron GT Quattro, 2023 Audi E-Tron GT Prestige Quattro, 2023 Audi A6 Sedan Premium 45 TFSI Quattro S Tronic, 2023 Audi A5 Sportback Premium Plus 45 TFSI S Line Quattro S Tronic, 2023 Audi Q4 E-Tron Premium Plus 40 RWD, 2025 Toyota Camry XLE, 2024 Toyota Grand Highlander XLE, 2023 Toyota Sienna LE, 2023 Toyota RAV4 XLE Premium, 2023 Toyota RAV4 XLE, 2023 Toyota Tacoma SR | SR5, 2023 Toyota Camry SE, 2023 Toyota Camry LE, 2022 Toyota Corolla Cross LE, and 2022 Toyota Tacoma SR5 V6 vehicles (collectively "'564 Patent Accused Products" or "'564 Patent Accused Instrumentalities"). For example, as shown in the attached claim charts (Exhibit B-C), the sale, use, or offer of sale of the '564 Patent Accused Products infringe at least Claims 1 and 23 of '564 Patent.

15. Moreover, Defendant's acts of direct and indirect infringement of the '564 Patent occurred with Defendant's full knowledge that their selling and offering for sale of the '564 Patent Accused Products constitutes infringement of the '564 Patent. At least as early as the filing and service of the Complaint, Defendant was made aware of the '564 Patent and the fact that Defendant was using, selling, and/or offering for sale an infringing product, but since then has continued to

sell and/or offer for sale the ‘564 Patent Accused Products. Defendant’s customers are also direct infringers. Defendant continues to advertise the ‘564 Patent Accused Products and the infringing aspects of the ‘564 Patent Accused Products to customers to explain their features and use.

16. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

17. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## IV. COUNT II
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 10,142,791)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. On November 27, 2018, United States Patent No. 10,142,791 (“the ‘791 Patent”) was duly and legally issued by the United States Patent and Trademark Office. The ‘791 Patent is titled “Method and System for Context Awareness of a Mobile Device.” A true and correct copy of the ‘791 Patent is attached hereto as Exhibit E and incorporated herein by reference.

20. Context Directions is the assignee of all right, title, and interest in the ‘791 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the ‘791 Patent. Accordingly, Context Directions possesses the exclusive right and standing to prosecute the present action for infringement of the ‘791 Patent by Defendant.

21. The ‘791 Patent shares the identical specification as the ‘564 patent and therefore Context Directions incorporates the background and discussion in Paragraphs 11-13.

22. **Infringement**. Auto Merchants has been and continues to directly infringe at least claim 1 of the ‘791 Patent in this District and elsewhere in the United States by selling, using, and/or offering for sale in the United States, without authorization, at least the following used

vehicles: 2025 Audi Q7 Prestige 55 TFSI quattro Tiptronic, 2025 Audi A6 Premium Plus 55 TFSI Quattro S Tronic, 2025 Audi Q5 Premium 40 TFSI Quattro S Tronic, 2024 Audi A5 Coupe Premium Plus 45 TFSI S Line Quattro S Tronic, 2024 Audi Q5 Premium 45 TFSI S Line Quattro 2023 Audi RS E-Tron GT Quattro, 2023 Audi E-Tron GT Prestige Quattro, 2023 Audi A6 Sedan Premium 45 TFSI Quattro S Tronic, 2023 Audi A5 Sportback Premium Plus 45 TFSI S Line Quattro S Tronic, 2023 Audi Q4 E-Tron Premium Plus 40 RWD, 2025 Toyota Camry XLE, 2024 Toyota Grand Highlander XLE, 2023 Toyota Sienna LE, 2023 Toyota RAV4 XLE Premium, 2023 Toyota RAV4 XLE, 2023 Toyota Tacoma SR | SR5, 2023 Toyota Camry SE, 2023 Toyota Camry LE, 2022 Toyota Corolla Cross LE, and 2022 Toyota Tacoma SR5 V6 vehicles (collectively "'791 Patent Accused Products" or the '791 Patent Accused Instrumentalities"). For example, as shown in the attached claim charts (Exhibit E-F), the use, sale, and offer of sale of the '791 Patent Accused Products infringes at least claim 1 of the '791 patent.

23. Moreover, Defendant's acts of direct and indirect infringement of the '791 Patent occurred with Defendant's full knowledge that their selling and offering for sale the '791 Patent Accused Products constitutes infringement of the '791 Patent. At least as early as the filing of the Complaint, Defendant was made aware of the '791 Patent and the fact that Defendant was selling and/or offering for sale an infringing product, but since then has continued to sell and/or offer for sale the '791 Patent Accused Products. Defendant's customers are also direct infringers. Defendant continues to advertise the 791 Patent Accused Products and the infringing aspects of the 791 Patent Accused Products to customers to explain their features and use.

24. Context Directions is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

25. Context Directions will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant, granting the following relief:

a. Judgment that claims 1 and 23 of United States Patent No. 9,807,564 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that claim 1 of United States Patent No. 10,142,791 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes;

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## V. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 21, 2026

Respectfully submitted,

*/s/Steven G. Kalberg*

David R. Bennett (IL Bar No. 6244214)
Steven G. Kalberg (IL Bar No. 6336131
*(Admitted to the U.S. Dist. Ct. for the E.D. Texas)*)
DIRECTION IP LAW
P.O Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
Email: dbennett@directionip.com
Email: skalberg@directionip.com

**ATTORNEYS FOR PLAINTIFF CONTEXT DIRECTIONS LLC**